UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT EUGENE ROJAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:21-cv-2280 DB P<br><br><br><br>ORDER |

Plaintiff is a county inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims defendants have violated his rights in connection with his criminal action in state court as well as the conditions of his confinement. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 2) and his amended complaint (ECF No. 9) for screening. For the reasons set forth below the court will grant the motion to proceed in forma pauperis and dismissed the complaint with leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2, 8.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**SCREENING**

Before the court had the opportunity to screen the original complaint (ECF No. 1), plaintiff filed an amended complaint (ECF No. 9). Because an amended complaint supersedes any prior complaint, Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015), the court will screen the amended complaint.

### I.    Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell

////

1  AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47
2  (1957)).
3        However, in order to survive dismissal for failure to state a claim a complaint must
4  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain
5  factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic,
6  550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the
7  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
8  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
9  doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
10        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

14  42 U.S.C. § 1983. Here, the defendants must act under color of federal law. Bivens, 403 U.S. at
15  389. The statute requires that there be an actual connection or link between the
16  actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
17  Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
18  (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
19  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
20  omits to perform an act which he is legally required to do that causes the deprivation of which
21  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
22        Moreover, supervisory personnel are generally not liable under § 1983 for the actions of
23  their employees under a theory of respondeat superior and, therefore, when a named defendant
24  holds a supervisorial position, the causal link between him and the claimed constitutional
25  violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979);
26  Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations
27  concerning the involvement of official personnel in civil rights violations are not sufficient. See
28  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Amended Complaint**

Plaintiff claims the events giving rise to the claim occurred while he was held as a pretrial detainee at the Sacramento County Jail. (ECF No. 9 at x.) He has identified the following defendants: (1) Superior Court of Sacramento County; (2) the County of Sacramento; (3) Sacramento County District Attorney's Office; and (4) the Sacramento County Conflict Criminal Defenders Office. (Id. at 1.)

Plaintiff has presented fourteen different causes of action. (Id. at 34-49.) His allegations include claims defendants have failed to provide adequate conditions of confinement, failed to accommodate his disability, and he has been denied the right to a speedy trial. Plaintiff further claims that "defendant knowingly operates a dangerously understaffed judicial system," and have deprived him of due process, counsel, freedom of speech and association. (Id. at 18, 32.)

**III.    The Complaint Fails to State a Claim**

**A. Unrelated Claims against Different Defendants Belong in Different Suits**

Plaintiff is advised that he may not bring unrelated claims against different defendants in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). While multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are

not sufficient to constitute similarity when the specifics are different. Id. The fact that several of plaintiff's claims involve allegations of retaliation does not necessarily make claims related for purposes of Rule 18(a). Id. at 1351.

The court is unable to discern any common questions of law or fact between plaintiff's claims. Plaintiff has included claims related to his ongoing criminal proceedings in state court as well as the conditions of his confinement at the Sacramento County Jail. Trying to proceed with these disparate claims in a single case would be practically difficult, if not impossible. Accordingly, the complaint will be dismissed with leave to amend.

If plaintiff elects to file an amended complaint he should assert only claims arising from common events and containing common questions of law. See George, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.") (citing 28 U.S.C. § 1915(g)). Alternatively, plaintiff may select a single defendant and bring as many claims as he has against that party. See Fed. R. Civ. P. 18(a).

### B. Immunity

In addition to the deficiencies identified above, several of the defendants identified in the complaint are immune from suit as set forth below.

#### 1. Superior Court

Plaintiff has named the Sacramento County Superior Court as a defendant. (ECF No. 9 at 1, 2.) However, this defendant is a state agency and is thus immune from suit under the Eleventh Amendment. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (Suit against state superior court is barred by the Eleventh Amendment); Greater Los Angeles Council on Deafness, Inc. v. Zolin, 812 F.2d 1103, 1110 & n.10 (9th Cir. 1987) superseded by statute on other grounds as stated in Buffin v. California, 23 F.4th 951, 963 (9th Cir. 2022), ("[A] suit against the Superior Court is a suit against the State, barred by the eleventh amendment."). Accordingly, the superior court is not a proper defendant.

### 2. Defense Attorney

Plaintiff has identified the Sacramento County Conflict Defender as a defendant. (ECF No. 9 at 1, 2.) Generally, criminal defense attorneys, including public defenders, are considered private parties who do not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 317-25 (1981) (when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he is not acting on behalf of the state; he is the state's adversary); Vermont v. Brillon, 556 U.S. 81, 91 (2009) (assigned public defender is ordinarily not considered a state actor). Thus, the office of the conflict defender is not a proper defendant in a § 1983 action.

### 3. Prosecutor

Plaintiff has named the Sacramento County District Attorney's office as a defendant in this action. (ECF No. 9 at 1, 2.) However, "[p]rosecutors are absolutely immune from liability under § 1983 for their conduct insofar as it is 'intimately associated' with the judicial phase of the criminal process." Botello v. Gammick, 413 F.3d 971, 975 (9th Cir. 2005) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Prosecutors have immunity from actions that are related to the initiation and presentation of criminal prosecutions. Imbler, 424 U.S. at 430-31; Botello, 413 F.3d at 976. Accordingly, plaintiff's claim against the district attorney's office is barred because prosecutors are not proper defendants in a § 1983 action.

## IV. Amending the Complaint

As set forth above, the complaint will be dismissed with leave to amend. In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Any amended complaint should contain all of the allegations related to his claim in this action. If plaintiff wishes to pursue his claims against the defendant, they must be set forth in the amended complaint.

////

////

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.
3. Plaintiff's amended complaint (ECF No. 9) is dismissed with leave to amend.
4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: April 12, 2022

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/roja2280.scrn